**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIMBERLY QUISENBERRY,

        Plaintiff,

v.                                                CASE NO. 2:16-cv-11156

COMMISSIONER OF                      HON. MARIANNE O. BATTANI
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Kimberly Quisenberry's objections (Doc. 29) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 27). Quisenberry filed an action seeking judicial review of a final decision of the Defendant Commissioner of the Social Security Administration ("Commissioner") under 42 U.S.C. § 405(g). Each side filed a motion for summary judgment (Doc. 20; Doc. 25).

The matter was referred to Magistrate Judge Anthony Patti, who found that substantial evidence supported the Administrative Law Judge's ("ALJ") and the Commissioner's decision to deny benefits. (Doc. 27). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's R&R; **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

**I.    BACKGROUND**

Quisenberry filed the present action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner, who, after an initial hearing and two subsequent hearings upon remand, denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Quisenberry

asserts that the Commissioner's decision is not based upon substantial evidence. (Doc. 20).

The matter was referred to Magistrate Judge Patti for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Each side filed a motion for summary judgment (Doc. 20; Doc. 25). Magistrate Judge Patti found that the Commissioner applied the correct legal standards and made findings of fact that were supported by substantial evidence in the record, and recommended that the Commissioner's motion for summary judgment be granted, that Quisenberry's motion for summary judgment be denied, and that the ALJ's decision be affirmed. (Doc. 27).

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

The Court must affirm the Commissioner's conclusions so long as the Commissioner applied the correct legal standards and made findings of fact that are supported by substantial evidence in the record. Walters v. Comm'r of Soc. Sec., 127

F.3d 525, 528 (6th Cir. 1997). Substantial evidence is evidence that a reasonable mind might accept as adequate evidence in support a conclusion. Id. This means that administrative findings

> are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.

Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). The Sixth Circuit has further explained, "[i]f supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. Linscomb v. Comm'r of Soc. Sec., 25 Fed.Appx. 264, 266 (6th Cir. 2001) (citations omitted).

## III. ANALYSIS

Quisenberry raises three objections to the R&R. First, Quisenberry contends that the Magistrate Judge erred in agreeing with the ALJ's weighing the opinions of the various medical professionals who examined Plaintiff. Second, Quisenberry asserts that the Magistrate Judge erred in finding that the ALJ's RFC assessment was supported by substantial evidence. Finally, Quisenberry submits that the Magistrate Judge erred by determining that the ALJ's hypothetical to the Vocational Expert was supported by substantial evidence.

### A. Medical Testimony

With respect to the first objection, Plaintiff contends that the Magistrate Judge erred in concurring with the ALJ's determination to reject (or give only partial weight to) the opinions of six different doctors, Paul Haduck, D.O., Pamela Herringshaw, Ph.D., Ron Marshall, Ph.D., Aaron Anderson, D.O., Dawn Gventer, Psy.D., and Elaine Tripi, Ph.D. Because Plaintiff raises separate, though similar, objections regarding each doctor, the Court will discuss the objections separately below.

Dr. Herringshaw. Plaintiff contends that the ALJ erred in giving "little weight" to the opinion of Dr. Herringshaw, including Dr. Herringshaw's conclusion that Plaintiff's "overall functioning seems marginal." The ALJ considered Dr. Herringshaw's opinion (R. 689, 694-95), and ultimately found it to be inconsistent with the record as a whole, "including the claimant's history of mental health treatment, the mental status examination findings of the claimant's treating and examining providers, and the claimant's reported activities of daily living." (R. at 695-96). Inconsistency with the record as a whole is a sufficient reason for rejecting the opinion of a treating physician. Price v. Comm'r of Soc. Sec., 342 F. App'x 172, 176 (6th Cir. 2009) (concluding that the ALJ properly rejected a treating physician opinion that was not supported by objective medical evidence). In reaching this conclusion, the ALJ relied on testimony that Plaintiff "[c]ooks a little . . . does do laundry . . . [and] does shop for groceries." (R. 718-719). While Plaintiff cites different testimony regarding her daily activities, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Felisky, 35 F.3d at 1035.

Dr. Marshall. Plaintiff asserts that the ALJ gives insufficient weight to Dr. Marshall's opinion, especially Dr. Marshall's determination that Plaintiff had several "moderately limited" abilities. The Court finds that the ALJ's weighing of Dr. Marshall's opinion is supported by substantial evidence. In particular, the ALJ properly relied on Dr. Marshall's ultimate determination that Plaintiff retained "the ability to do rote tasks within medical limitations." (R. 421). Furthermore, notwithstanding Plaintiff's assertion that the ALJ disregarded Dr. Marshall's opinion regarding Plaintiff's "inability to maintain attention and concentration for extended periods of time," the RFC accounted for this concern, noting that Plaintiff was not capable of performing "jobs involving concentration." (R. 685).

Dr. Tripi. Plaintiff contends that the ALJ erred by concluding that Dr. Tripi's conclusions were inconsistent with the record as a whole. In particular, Plaintiff objects to the ALJ's treatment of Dr. Tripi's IQ assessment of Plaintiff. However, while Plaintiff asserts that the ALJ found the IQ score "invalid," the ALJ's analysis was more nuanced, raising doubt regarding "whether [Plaintiff's] test scores could be considered a valid interpretation of her intellectual functioning." (R. 690). In addition, the ALJ noted that Dr. Tripi "improperly relied quite heavily on the claimant's subjective report of physical symptoms and limitations." In light of this analysis, the ALJ's determinations regarding Dr. Tripi are supported by substantial evidence.

Dr. Anderson. Plaintiff asserts that the ALJ erred in giving only "partial weight" to Dr. Anderson's opinion, and by accepting without further investigation Dr. Anderson's determination that Plaintiff could lift/carry "up to ten pounds frequently (up to 1/3 [of an 8-hour workday])." With respect to the first point, Plaintiff contests the ALJ's decision to

5

discount Dr. Anderson's opinion to the extent that it was based upon Plaintiff's subjective complaints, which the ALJ had found to be less than credible. (R. 693). While Plaintiff urges that Dr. Anderson "did not opine that [P]laintiff was not a credible examinee," the credibility determination is under the purview of the ALJ. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). With respect to the second point, the ALJ had no cause to second-guess Dr. Anderson's determination that Plaintiff could "frequently" (as opposed to "occasionally") lift up to ten pounds. Moreover, the "frequently" language was not employed in the RFC, nor as part of the ALJ's hypothetical to the Vocational Expert. (R. 685, 725).

Dr. Gventer. Plaintiff alleges that the ALJ lacked substantial evidence to give "little weight" to the opinion of Dr. Gventer, and that the ALJ "cherry picked" the evidence he chose to use to discount Dr. Gventer's assessment. Review of the ALJ's determination reveals that the ALJ carefully considered Dr. Gventer's opinion, and ultimately disregarded (i) the portions of Dr. Gventer's opinion that were internally inconsistent and (ii) conclusory, non-medical declarations (i.e., that Plaintiff's "depressed mood . . . will prevent work success"). (R. 690-94). The ALJ's weighing of Dr. Gventer's opinion is based on substantial evidence.

Dr. Haduck. Plaintiff contends that the ALJ erred by giving Dr. Haduck's opinion "little weight" while declining to "cite to anything in Dr. Haduck's records, to show that he had even reviewed them." Although Plaintiff contends that the ALJ erred by insufficiently examining Dr. Haduck's records, Plaintiff acknowledges that such records were "somewhat illegible." (Doc. 29, p. 18). Less impressed by Dr. Haduck's penmanship, the ALJ found these records to be "largely illegible." (R. 695). Even in

6

light of Plaintiff's efforts to transcribe Dr. Haduck's notes (Doc. 29, pp. 18-19) the ALJ properly observed that Dr. Haduck's opinion "does not actually describe any specific functional limitations that would preclude the claimant from engaging in all work activity in perpetuity." (R. 695). Statements that a claimant is "disabled" or "unable to work," or the like, are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (the ALJ is "not bound by conclusory statements of doctor, particularly where they are unsupported by detailed objective criteria and documentation."). Accordingly, the ALJ's weighing of Dr. Haduck's opinion was supported by substantial evidence.

**B. "Bridge" between Record and RFC Assessment**

Next, Plaintiff contends that the Magistrate Judge erred in determining that the ALJ's RFC assessment was supported by substantial evidence. Plaintiff contends that the ALJ "completely substituted his own opinion for both physical and mental impairments, not using even one of the various doctors, who either examined, treated and/or reviewed plaintiff's medical records." (Doc. 29, p. 21).

This Court has difficulty apprehending the logic of this objection, especially in light of the more than ten pages of explanation that follow the ALJ's RFC, including citation to the records of Dr. Herringshaw, Dr. Tripi, Dr. Gventer, Dr. Anderson, Dr. Marshall, Dr. Haduck. (R. 685-96). Accordingly, Plaintiffs assertion that the RFC is not supported by substantial evidence appears to be based on the contentions addressed above, i.e., that the ALJ failed to give appropriate weight to the medical testimony. For the reasons set forth above, the ALJ properly weighed the medical opinions, and

7

properly disregarded conclusory assertions that were inconsistent with the record as a whole.

### C. Hypothetical to Vocational Expert

Finally, Plaintiff alleges that the ALJ's hypothetical posed to the Vocational Expert failed to accurately portray Plaintiff's limitations by omitting the moderate limitations assessed by Dr. Marshall. As addressed above, however, the ALJ accurately discounted the moderate limitations assessed by Dr. Marshall. In addition, because the hypothetical question posed to the vocational expert (R. 725) closely mirrors the ALJ's RFC determination, Plaintiff's essentially challenges the RFC itself, which as discussed above, was based upon substantial evidence.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that substantial evidence supports the Commissioner's decision to deny benefits. Thus, Plaintiff's Motion for Summary Judgment (Doc. 20) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. 25) is **GRANTED**, and the ALJ's decision is **AFFIRMED**.

IT IS SO ORDERED.

/s/ Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: September 27, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 27, 2017.

s/ Kay Doaks
Case Manager